## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

MIGUEL TIJERINA                                    CIVIL ACTION

VERSUS                                             NO.  13-78

STATE OF LOUISIANA                                 SECTION "A"(2)

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.      FACTUAL AND PROCEDURAL BACKGROUND

On March 21, 2007, petitioner Miguel Tijerina was charged in a bill of information in the 22nd Judicial District Court for St. Tammany Parish, Louisiana, with

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

possession of between 200 and 400 grams of cocaine in violation of La. Rev. Stat. § 40:967F(1)(b).[2]  After a lengthy delay, which state court minute entries attribute to Tijerina's federal custody, he pled guilty as charged on January 18, 2011.[3]  Asked by the court during his guilty plea proceedings if he was satisfied with the services rendered by his counsel, Tijerina responded, "Yes, sir."[4]  He was sentenced on that same day to fifteen (15) years in prison at hard labor, with credit for time served since his subject arrest on January 1, 2010.[5]

The conviction became final thirty (30) days later, on February 17, 2011, because he did not pursue a direct appeal or seek reconsideration of his sentence.  Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); see Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the period for filing a notice of appeal under La. Code Crim. P. art. 914[6]).

---

[2]St. Rec. Vol. 1 of 4, Felony Bill of Information, 42731, 3/21/07.

[3]St. Rec. Vol. 1 of 4, Plea Minutes, 1/18/11.

[4]St. Rec. Vol. 1 of 4, Transcript of Guilty Plea Hearing at pp. 18-19, 1/18/11.

[5]Id., at p. 32.

[6]The Cousin court recognized that the failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of that period citing State v. Counterman, 475 So.2d 336, 338 (La. 1985).  At the time of Cousin, La. Code Crim. P. art. 914 required

On October 27, 2011, Tijerina signed and submitted to the state trial court a "motion for credit for time served," which was denied on November 29, 2011.[7]  He sought no review of this order.

On February 16, 2012, Tijerina submitted an application for post-conviction relief to the state trial court in which he argued that he had received ineffective assistance of counsel, rendering his guilty plea invalid, in that his counsel had failed "to adequately litigate [a] meritorious motion to quash bill of information," specifically by filing an untimely motion without adequate pre-filing investigation.[8]  Upon receipt of a response from the State, the state trial court denied the application as meritless on April 20, 2012.[9]  His subsequent application for supervisory writs asserting the same argument was summarily denied by the Louisiana First Circuit Court of Appeal in Case No. 2012-KW-1300 on October 9, 2012.[10]

_____

that a criminal defendant move for leave to appeal within five (5) days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence.  Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide thirty (30) days for filing of the notice of appeal.

[7]St. Rec. Vol. 1 of 4, Motion for Credit for Time Served, 11/10/11 (dated 10/27/11); Trial Court Order, 11/29/11.

[8]St. Rec. Vol. 1 of 4, Uniform Application for Post-Conviction Relief, 2/27/12 (dated 2/16/12).

[9]St. Rec. Vol. 1 of 4, Trial Court Judgment, 4/10/12; Trial Court Reasons for Judgment, 4/10/12; Trial Court Order, 3/8/12; State's Answer, 3/15/12; Reply to State's Answer, 3/29/12.

[10]St. Rec. Vol. 2 of 4, 1st Cir. Order, 2012-KW-1300, 10/9/12; Copy of 1st Cir. Writ Application, dated 7/24/12.

On December 7, 2012, Tijerina signed this federal habeas corpus petition and presumably submitted it to this court, which this court subsequently stayed.[11]  During the stay, on October 8, 2013, Tijerina submitted a "motion for dismissal" to the state trial court that was denied on October 30, 2013.[12]  The state trial court later denied Tijerina's motion for correction of his sentence on November 14, 2013.[13]  In the meantime, on November 8, 2013, the Louisiana Supreme Court denied Tijerina's final writ application in Case No. 2012-KH-2524.[14]

## II.   FEDERAL HABEAS PETITION

On January 14, 2013, the clerk of this court actually filed Tijerina's petition for federal habeas corpus relief upon payment of the filing fee.[15] Because Tijerina acknowledged that he had not exhausted his state court remedies at that time, as required by 28 U.S.C. § 2254(b)(1)(A), I recommended that the petition be dismissed without

---

[11]Rec. Doc. Nos. 1, 4.

[12]St. Rec. Vol. 2 of 4, Trial Court Order, 10/30/13; Motion for Dismissal, 10/15/13 (dated 10/8/13).

[13]St. Rec. Vol. 2 of 4, Trial Court Order, 11/14/13; Motion for Correction, 11/7/13 (dated 11/4/13).

[14]State v. Tijerina, 125 So.3d 440 (La. 2013); St. Rec. Vol. 3 of 4, La. S. Ct. Order, 2012-KH-2524, 11/8/13; La. S. Ct. Writ Application, 11/27/12; St. Rec. Vol. 2 of 4, La. S. Ct. Letter, 2012-KH-2524, 11/27/12 (showing postmark of 1/20/12).

[15]Rec. Doc. No. 1.

prejudice, until such time as all state court remedies had been exhausted.[16]  The presiding district judge did not accept my recommendation and instead stayed the case and closed it for statistical and administrative purposes until such time as petitioner had completed exhaustion of state court remedies.[17]  Compare Rhines v. Weber, 544 U.S. 269, 278 (2005), Pliler v. Ford, 542 U.S. 225, 227 (2004). The case remained stayed for 18 months, until it was reopened on August 7, 2014.[18]

In his petition in this court, Tijerina asserts a single claim that he was provided with constitutionally ineffective assistance of counsel in the following specific ways:[19] (1)  Counsel failed to litigate a meritorious motion to quash the bill of information based on an untimely prosecution. (2) Counsel failed to conduct a reasonably adequate pretrial investigation into the facts and law related to the timely filing of the motion to quash.

The State filed an answer and memorandum in opposition to the petition in which it concedes that Tijerina's petition is timely filed, but argues that he still has not

---

[16]Rec. Doc. No. 2.

[17]Rec. Doc. No. 4.

[18]Rec. Doc. No. 6.

[19]Rec. Doc. No. 1, pp. 5, 17.

5

exhausted state court remedies and his claim otherwise is without merit.[20]  Tijerina was

granted leave to file a reply, and he has now done so.[21]

III.    ANALYSIS

A.      STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L.

No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation,

including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[22] and

applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198

(5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore

applies to Tijerina's petition, which, for reasons discussed below, is deemed filed in this

court on January 14, 2013.[23]

---

[20]Rec. Doc. Nos. 11, 12.

[21]Rec. Doc. Nos. 13-19.

[22]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[23]The United States Court of Appeals for the Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes.  Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of this court actually filed Tijerina's petition on January 14, 2013, when he paid the filing fee.  However, the record reflects that Tijerina signed the petition on December 7, 2012. Affording Tijerina every benefit of the doubt, this is the earliest date on which he can be assumed to have

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).  The State concedes and I find that Tijerina's petition was timely filed.

As noted above, the State argues that Tijerina's claim still has not been exhausted in the state courts.  I find, however, that Tijerina's final writ application to the Louisiana Supreme Court fairly presented his current argument, although he did not immediately pursue further review in that court.[24]  Accordingly, the State's exhaustion defense cannot be accepted.  Even if his arguments might be construed as unexhausted, however, the claims are meritless and may be addressed by this court.  28 U.S.C. § 2254(b)(2).

As to the merits of petitioner's claims, 28 U.S.C. §§ 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law and mixed questions of fact and law in federal habeas corpus proceedings.  Nobles, 127 F.3d at 419-20 (citing 28 U.S.C. § 2254(b) and (c)).

---

delivered it to prison officials for mailing to the court.  The fact that he paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. See Cousin, 310 F.3d at 847.

[24]St. Rec. Vol. 2 of 4, Copy of La. S. Ct. Writ Application, 12-KH-2524 at pp. 7-17, 11/27/12 (dated 11/9/12).

Determinations of questions of fact by the state court are "presumed to be correct . . . and we will give deference to the state court's decision unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (quoting 28 U.S.C. § 2254(d)(2)), cert. denied, 532 U.S. 1039 (2001).  The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption.  28 U.S.C. § 2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under 28 U.S.C. § 2254(d)(1) and receive deference, unless the state court's decision "'was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent.]'" Penry v. Johnson, 215 F.3d 504, 507 (5th Cir. 2000) (quoting Miller v. Johnson, 200 F.3d 274, 280-81 (5th Cir.), cert. denied, 531 U.S. 849 (2000)), aff'd in part, rev'd in part on other grounds, 532 U.S. 782 (2001); Hill, 210 F.3d at 485.  The United States Supreme Court has clarified the Section 2254(d)(1) standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from

> this Court's decisions but unreasonably applies that principle to the facts
> of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 405-06, 412-13 (2000); Penry, 532 U.S. at 792-93;

Hill, 210 F.3d at 485. The "critical point" in determining the Supreme Court rule to be

applied "is that relief is available under § 2254(d)(1)'s unreasonable-application clause

if, and only if, it is so obvious that a clearly established rule applies to a given set of facts

that there could be no 'fairminded disagreement' on the question." (citation omitted)

White v. Woodall, __ U.S. __, 134 S. Ct. 1697, 1706-07 (2014) (citing Harrington v.

Richter, 562 U.S. 86, __, 131 S. Ct. 770, 787 (2011), and Knowles v. Mirzayance, 556

U.S. 111, 122 (2009)). "Thus, 'if a habeas court must extend a rationale before it can

apply to the facts at hand,' then by definition the rationale was not 'clearly established

at the time of the state-court decision.'" White, 134 S. Ct. at 1706 (quoting Yarborough

v. Alvarado, 541 U.S. 652, 666 (2004)).

"'A federal habeas court may not issue the writ simply because that court

concludes in its independent judgment that the state court decision applied [a Supreme

Court case] incorrectly.'" Price v. Vincent, 538 U.S. 634, 641 (2003) (quoting Woodford

v. Visciotti, 537 U.S. 19, 24-25 (2002)) (brackets in original); Bell v. Cone, 535 U.S.

685, 699 (2002). Rather, under the "unreasonable application" standard, "the only

question for a federal habeas court is whether the state court's determination is

objectively unreasonable." Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002), cert.

denied, sub nom, Neal v. Epps, 537 U.S. 1104 (2003).  The burden is on the petitioner

to show that the state court applied the precedent to the facts of his case in an objectively

unreasonable manner.  Price, 538 U.S. at 641 (quoting Woodford, 537 U.S. at 24-25);

Wright v. Quarterman, 470 F.3d 581, 585 (5th Cir. 2006).

B.    ASSISTANCE OF COUNSEL

Tijerina argues that his counsel provided ineffective assistance when he filed a

motion to quash without investigation of the date on which the State received notice of

his custody location in Texas.  He contends that, had counsel investigated and filed the

motion after June 11, 2009, it would have been timely filed and successful.  Tijerina also

argues that counsel failed to discover the possibility that the motion to quash could have

been re-urged one year after the first motion to quash was denied.  These failures, he

suggests, rendered invalid his plea to an improper bill of information.

The state courts at each level denied Tijerina's requests for post-conviction relief

on these claims as meritless.[25]  In the only reasoned opinion, the state trial court found

that the arguments were repetitive of the substantive review of the denial of the motion

to quash which was addressed in two pretrial writ applications to the higher state courts.

The court also found that the claim was meritless because Tijerina failed to establish

---

[25]See Ylst v. Nunnemaker, 501 U.S. 797, 802 (1991) (when the last state court judgment does
not indicate the basis for its ruling on a federal claim, the federal court will presume that the state court
has relied upon the same grounds as the last reasoned state court opinion).

ineffective assistance and his arguments were conclusory and speculative.  Finding that Tijerina's guilty plea was knowingly and voluntarily made, the court denied relief on the application.

The issue of ineffective assistance of counsel is a mixed question of law and fact. Clark v. Thaler, 673 F.3d 410, 416 (5th Cir. 2012); Woodfox v. Cain, 609 F.3d 774, 789 (5th Cir. 2010).  Thus, the question before this court is whether the state courts' denial of relief was contrary to or an unreasonable application of United States Supreme Court precedent.

The standard for judging performance of counsel was established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 688 (1984), in which the Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel, requiring petitioner to prove both deficient performance and resulting prejudice.  Id., 466 U.S. at 697.  The Supreme Court first held that "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88.  Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694; United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

In deciding ineffective assistance of counsel claims, this court need not address both prongs of the conjunctive Strickland standard, but may dispose of such a claim

based solely on a petitioner's failure to meet either prong of the test.  <u>Kimler</u>, 167 F.3d

at 893.  A habeas corpus petitioner "need not show that 'counsel's deficient conduct

more likely than not altered the outcome in the case.' . . . But it is not enough under

<u>Strickland</u>, 'that the errors had some conceivable effect on the outcome of the

proceeding.'" (citation omitted) <u>Motley v. Collins</u>, 18 F.3d 1223, 1226 (5th Cir. 1994)

(quoting <u>Strickland</u>, 466 U.S. at 693); <u>Harrington v. Richter</u>, 562 U.S. 86, __, 131 S. Ct.

770, 792 (2011) (<u>Strickland</u> requires a "substantial" likelihood of a different result, not

just "conceivable" one.)

On habeas review, the United States Supreme Court has recently clarified that,

under <u>Strickland</u>, "[t]he question is whether an attorney's representation amounted to

incompetence under prevailing professional norms,  not whether it deviated from best

practices or most common custom."  <u>Harrington</u>, 131 S. Ct. at 788.  The <u>Harrington</u>

Court went on to recognize the high level of deference owed to a state court's findings

under <u>Strickland</u> in light of the AEDPA:

> The standards created by <u>Strickland</u> and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is doubly so.  The <u>Strickland</u> standard is a general one, so the range of reasonable applications is substantial.  Federal habeas courts must guard against the danger of equating unreasonableness under <u>Strickland</u> with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied <u>Strickland</u>'s deferential standard.

<u>Harrington</u>, 131 S. Ct. at 788.

12

Thus, scrutiny of counsel's performance under § 2254(d) is "doubly deferential." Cullen, 131 S. Ct. at 1403 (quoting Knowles v. Mirzayance, 556 U.S. 111, 123 (2009)). This court must therefore apply the "strong presumption" that counsel's strategy and defense tactics fall "within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 690.

Federal habeas courts presume that litigation strategy is objectively reasonable unless clearly proven otherwise by the petitioner. Id., 466 U.S. at 689; Geiger v. Cain, 540 F.3d 303, 309 (5th Cir. 2008); Moore, 194 F.3d at 591. In assessing counsel's performance, a federal habeas court must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time of trial. Strickland, 466 U.S. at 689; Neal, 286 F.3d at 236-37; Clark v. Johnson, 227 F.3d 273, 282-83 (5th Cir. 2000), cert. denied, 531 U.S. 1167 (2001). Tactical decisions when supported by the circumstances are objectively reasonable and do not amount to unconstitutionally deficient performance. Lamb v. Johnson, 179 F.3d 352, 358 (5th Cir. 1999), cert. denied, 528 U.S. 1013 (1999) (citing Rector, 120 F.3d at 564 and Mann v. Scott, 41 F.3d 968, 983-84 (5th Cir. 1994)).

In assessing counsel's performance under Strickland, the court must consider Louisiana's requirements for timely prosecution. Tijerina was charged with one count

13

of possession of cocaine in the bill of information filed by the State on March 21, 2007.

Trial for this type of felony must begin within two years from commencement of the

prosecution.  La. Code Crim. P. art. 578(A)(2).  However, Louisiana law allows that

period to start <u>anew</u> from the date on which the state trial court receives notice from a

defendant or his counsel of his custodial location or the date on which the prosecutor

learns of the defendant's custodial location.  La. Code Crim. P. art. 579(B).  The

limitation period also is suspended by filing a motion to quash through the date on which

the motion is determined by the court.  La. Code Crim. P. art. 580(A).  From that date,

the State then has no less than one year to commence trial.  <u>Id</u>.

On May 11, 2009, Tijerina's counsel filed a motion to quash the bill of

information filed on March 21, 2007, arguing that more than two years had passed from

that date without trial as required by La. Code Crim. P. art. 578(A)(2).  The state trial

court denied the motion as untimely after a hearing held on September 16, 2009.[26]

Although the court used the word "untimely," its reasoning was quite clear that the

motion was prematurely filed based on Tijerina's failure to keep the court and the

prosecutor informed of his whereabouts.  The court determined that it was June 11, 2007,

when notice was received of Tijerina's location in federal custody in Texas, that criteria

sufficient to suspend initiation of the prosecution of the State's case until that date

---

[26]St. Rec. Vol. 1 of 4, Minute Entry, 9/16/09; Hearing Transcript, p.7, 9/16/09.

14

became known.  Tijerina's counsel sought review of this ruling through writ applications filed in the Louisiana First Circuit and the Louisiana Supreme Court, both of which were denied without stated reasons.[27]

Tijerina contends that counsel did not properly investigate this crucial notice date before filing the motion to quash on May 11, 2009.  Counsel's decisions regarding when to file the motion and how best to present the arguments clearly were matters of strategy based on reason and the law as he saw fit to argue it at the hearing on September 16, 2009, in the exercise of professional judgment.

In the motion to quash, counsel argued that prosecution of the case commenced when the bill of information was filed and that no new trigger or suspension applied in the case.  Counsel argued specific dates and other facts reflecting that the State knew before the bill was filed that Tijerina was in federal custody and that Tijerina was in the local jail for a short period before being moved again by federal officials.

The record contains nothing to indicate that counsel was unprepared or unable to respond to the State's argument that a delayed commencement date applied in the case. The record instead reflects that counsel had investigated the relevant dates and custodial changes to challenge the State's opposition to the motion to quash.  The state trial court

---

[27]State v. Tijerina, 28 So.3d 1028 (La. 2010); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2010-KK-0035, 3/12/10; La. S. Ct. Application, 10-KK-35, 1/6/10;St. Rec. Vol. 1 of 4, 1st Cir. Order, 2009-KW-1871, 12/7/09.

agreed with the prosecutor that Tijerina's federal incarceration triggered the notice exception and that prosecution commenced on June 11, 2007. Counsel's arguments and strategy simply were unsuccessful. "[A]n unsuccessful strategy does not necessarily indicate constitutionally deficient counsel." Martinez v. Dretke, 99 F. App'x 538, 542 (5th Cir. 2004).

Furthermore, the filing of the motion to quash also suspended the limitations period and provided the State with no less than one year from resolution of the motion to begin the trial under La. Code Crim. P. art. 580(A). Tijerina suggests that this required he be brought to trial on or before September 16, 2010, one year from denial of the motion by the state trial court. He also argues that counsel was deficient in failing to file another motion to quash when that deadline was not met by the State.

However, the final ruling on the motion to quash was not issued until March 12, 2010, when the Louisiana Supreme Court denied Tijerina's related writ application. Review of the denial of the motion to quash in the higher state courts provided an additional period of suspension under Article 580(A). State v. Duraso, 127 So.3d 1015, 1021 n.3 (La. App. 3d Cir. 2013). This gave the State one year from the Louisiana Supreme Court's ruling, or until March 12, 2011, to take the matter to trial. Tijerina entered his guilty plea on January 18, 2011, well before that date. Counsel therefore had no legal basis or reason to file a second motion to quash by September 16, 2010, as

Tijerina argues.  See Smith v. Puckett, 907 F.2d 581, 585 n. 6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim."); Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990) (concluding that "counsel is not required to make futile motions or objections.").

Tijerina also contends that his counsel could have filed a successful motion to quash if he had waited until June 11, 2009, two years from receipt of notice of his location.  As noted by the state trial court, this argument is speculative and fails to establish deficient performance.  There is no way to determine from the record whether the state trial court necessarily would have granted it, if counsel filed the motion to quash on June 11, 2009.  Assuming for the sake of argument that the motion would have been meritorious, the granting of the motion to quash was appealable by the State.  La. Code Crim. P. art. 912(A)(1).  Any period of time that appellate review was pending would have continued to suspend the limitations period, just as it did when Tijerina sought review.  State v. Patin, 95 So.3d 542, 553 (La. App. 4th Cir. 2012).  The State would have had no less than one year from conclusion of that appellate review, if successful, to bring Tijerina to trial.  I have no basis or reason to guess on the length of the delay that would have been caused by this entirely speculative scenario posed by Tijerina.  However, the foregoing discussion demonstrates and emphasizes that Tijerina has not

shown that counsel's failure to file the motion after June 11, 2009, was deficient performance or actually prejudicial to the proceedings.

Under the Strickland standards, counsel's decision to file and pursue the motion to quash when he did so was not outside the realm of reasonable strategy. His performance at the hearing on the motion reflects that he was prepared and knowledgeable about the details of Tijerina's custody sufficiently to challenge the notice excuse raised by the State. Tijerina has failed to identify any deficiency in counsel's performance in connection with the motion to quash or his failure to re-urge the motion before the guilty plea. The state courts' findings are entitled to deference and their denial of relief was not contrary to, or an unreasonable application of, Strickland. Tijerina is not entitled to relief on this claim.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Tijerina's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and

legal conclusions accepted by the district court, provided that the party has been served

with notice that such consequences will result from a failure to object.  Douglass v.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28

U.S.C. § 636(b)(1)).[28]

New Orleans, Louisiana, this ____26th____ day of February, 2015.


JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[28]Douglass referenced the previously applicable ten-day period for the filing of objections.
Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.